THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS



Gerald C. Mann
PRICE DANIEL
ATTORNEY GENERAL

Honorable Pat Beadle
Criminal District Attorney
Clarksville, Texas

Dear Sir:

Opinion Number O-2445
Re: Can the Commissioners' Court
lawfully use money in the General
Fund and set aside to pay the in-
terest and principal of described
funding warrants for the purpose
of paying the actual and necessary
operating expenses of the county
for this year?

Your recent request for an opinion of this depart-
ment, on the above stated question, has been received.

We quote from your letter, in part, as follows:

"In the year 1928, Red River County has is-
sued a number of scrip warrants totaling the sum
of $45,000.00, which were refunded into a series
of warrants called ' General Fund - Funding War-
rants, Series of 1928,' dated July 20, 1928, bear-
ing interest at the rate of 6 per cent per annum,
Warrant No. 1 payable to bearer on the 10th day
of April, 1929, and the remainder of the principal
payable annually on the 10th day of each April in
the amount of $1,000.00 each year until the whole
sum was paid; and the interest payable semi-annually.
At that time 4 cents of the 25-cent tax for General
Fund purposes was set aside to pay the interest on
and create a sinking fund to pay the principal of
said warrants at maturity.

"The revenues of the General Fund of said County
were not sufficient to pay the operating expenses

of said County after that date; and, within
three years thereafter, to-wit, in the year
1931, there had accumulated another group of
outstanding scrip warrants in the total amount
of $56,545.86. On the 15th day of March, 1931,
the Commissioners' Court of Red River County
issued another series of warrants called 'General
Fund - Funding Warrants, Series 1931,' payable out
of the General Fund of said County in the amount
of $56,545.86, such warrants being dated March 15,
1931, payable to bearer, in denominations of $1,000
each, except Warrant No. 1 in the amount of $545.86,
bearing interest at the rate of 6 per cent, payable
semi-annually, such warrants becoming due March 15,
1932, and annually thereafter on March 15th each
year to and including the year 1947. At that time
6 cents of the General Fund Tax levy was set aside
to pay the interest and create a sinking fund to
pay the principal of said warrants at maturity.

"During all this time, and for many years prior
to 1928, the total 25 cents General Fund levy had
been annually assessed and collected to pay the
general operating expenses of the County.

"After the issuances of the 'General Fund -
Funding Warrants, Series 1931', the revenues of
the General Fund fell far short of the amount neces-
sary to pay the general operating expenses of the
County; and, by the year 1936, there had accumulated
a total amount of outstanding scrip warrants, in addi-
tion to the foregoing funding warrants, of approxi-
mately $137,000.00. These scrip warrants were issued
during the years 1932, 1933, 1934, 1935 and 1936.
Since the year 1936, by means of using the Permanent
Improvement Fund to pay general operating expenses of
the County, a small portion of these scrip warrants
have been paid. Most of those which were paid were
warrants given for interest on the other warrants.
In 1938, the Commissioners' Court of Red River County
issued some warrants, which they called 'General Fund -
Funding Warrants, Series 1938,' in the total amount
of $10,088.31, in denominations of $1,000.00 each,

except Warrant No. 1 in the amount of $1,088.31, all of which were dated April 1, 1938, payable 20 years from date, or at any interest paying date and bearing interest at the rate of 5 per cent per annum, payable annually. At the time of the issuance of said warrants, one cent of the General Fund levy was set aside to pay the interest and create a sinking fund to pay such warrants. This action, together with the payment of some of the scrip warrants, reduced the scrip warrant indebtedness to the sum of $117,220.46, which is still outstanding in addition to all of the above described funding warrants.

"The assessed valuation of the tax property in Red River County, Texas, since the year 1928, is shown in the following table:

| YEAR | TOTAL ASSESSED VALUATION |
| --- | --- |
| 1928 | $13,017,470.00 |
| 1929 | 13,208,220.00 |
| 1930 | 12,811,480.00 |
| 1931 | 12,173,470.00 |
| 1932 | 11,024,640.00 |
| 1933 | 10,298,010.00 |
| 1934 | 10,342,880.00 |
| 1935 | 10,319,310.00 |
| 1936 | 10,154,410.00 |
| 1937 | 10,287,300.00 |
| 1938 | 10,087,100.00 |
| 1939 | 9,994,200.00 |

"During all these years, bear in mind that the total 25 cents General Fund levy was being made, assessed and collected; and the total operating expenses each year were far in excess of the amount collected for the General Fund from all sources. I do not have the figures available showing the collections prior to 1933; but I do have the figures showing the collections since that date, which are shown in the following table:

| YEAR | GENERAL FUND RECEIPTS FOR OPERATING EXPENSES |
|------|-----------------------------------------------|
| 1933 | $15,603.95 |
| 1934 | 22,712.00 |
| 1935 | 32,005.86 |
| 1936 | 37,079.74 |
| 1937 | 25,074.46 |
| 1938 | 21,711.11 |
| 1939 | 23,008.27 |

"The records show the general operating expenditures for current operating expenses since the year 1931 as follows:

GENERAL OPERATING EXPENDITURES

| YEAR | Claims allowed against General Fund | Claims allowed against Perm. Imp. Fund | Total |
|------|------------------------------------|----------------------------------------|-------|
| 1931 | $34,558.67 | | $34,558.67 |
| 1932 | 31,750.37 | | 31,750.37 |
| 1933 | 32,164.07 | | 32,164.07 |
| 1934 | 41,395.66 | | 41,395.66 |
| 1935 | 48,404.20 | | 48,404.20 |
| 1936 | 30,714.78 | | 30,714.78 |
| 1937 | 25,127.19 | $15,134.02 | 40,261.21 |
| 1938 | 19,446.78 | 13,648.75 | 33,095.33 |
| 1939 | 22,539.59 | 18,655.59 | 41,194.79 |

"These receipts and disbursements do not take into account the amounts received and paid out for the above described General Fund-Funding Warrants each year.

"It can readily be seen from the foregoing facts that the general operating expenses of Red River County require all of the General Fund of said County; and, there is now in the General Fund of said county the sum of $7,177.18, which has been set aside by the Court to pay the interest and principal on some of the funding warrants issued in 1928, 1931 and 1938; and there is no other money in said General Fund to pay any operating expenses of the County; and, in addition to present operations, the General Fund needs to pay warrants

issued for current operating expenses incurred this year, and unpaid, in the amount of about four thousand dollars.

"Based upon the foregoing facts, I should like for your department to advise me whether or not the Commissioners' Court can lawfully use this money, which is now in the General Fund and set aside to pay the interest and principal of such funding warrants, for the purpose of paying the actual and necessary operating expenses of the County for this year."

The cases cited in your brief in support of your contention that the Commissioners' Court has the right and authority to use the General Fund in the payment of actual and necessary operating expenses of the county to the exclusion of any prior pledges therefor, represent some of the authorities upon which we rely in refusing to approve bonds sought to be issued against the General Fund levy. However, we do not think them applicable to the fund of $7,177.12, above mentioned, "reportedly set aside" for the payment of interest and principal of funding warrants issued in 1928, 1931 and 1938. As a matter of fact, this fund seems to possess the characteristics of a sinking fund and, as such, its use would be governed by Article 839 of Vernon's Annotated Civil Statutes.

Your question presupposes the legality of such a fund, but this department has consistently held that the General Fund levy cannot be pledged to the payment of debts maturing in future years, and has repeatedly declined to approve the issuance of bonds requiring such a pledge. Therefore, we advise that in view of our well established policy in this regard we cannot recognize the valid existence of a fund ostensibly created out of a portion of the General Fund levy for the payment of obligations issued against such fund. See Attorney General's opinions numbers O-1703, Conference Opinion No. 3098, O-1659, Conference Opinion No. 3095.

We do not propose to pass upon the possibility of the accrual of any rights to a warrant holder to the use of such a fund, but assume that if any such rights do, in law or fact, exist, same must be solely contractual, and, in our opinion, if enforceable, must be a matter for the parties thereto to settle finally in a court of competent jurisdiction.

Pursuant to the foregoing discussion, we advise that the payment of the actual and necessary operating expenses of the county from this fund will be limited only by such contractual rights as may have accrued to the obligation holder and by such constitutional and statutory restrictions as are now imposed.

We must add, however, that in our opinion a serious question exists as to the availability of this fund at all for use either for payment of the obligations above described or for General Fund expenses in view of the reflected misuse of the Permanent Improvement Fund in the years 1937, 1938 and 1939. Such a use is clearly prohibited by law. Manifestly, there is a considerable sum due the Permanent Improvement Fund by the General Fund, and such balance as purportedly exists in the General Fund may legally and properly belong to the Permanent Improvement Fund, which, if true, would preclude the use of the funds in any manner other than for such lawful purposes as are delegated to the Permanent Improvement Fund. Section 9, Article 8 of the Constitution; Carroll vs. Williams, 202 S.W. 504.

This opinion is not to be construed as passing upon the validity of the above mentioned warrants, nor the valid existence of the fund created for the payment of same.

We trust that the foregoing in some manner answers your question, but in view of the peculiar fact situation underlying same, we feel that it could not be answered otherwise.

Very truly yours,

APPROVED JUN 22, 1940          ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS   By   /s/ Clarence E. Crowe
                                     Clarence E. Crowe
                                          Assistant

CEC-s:lg